(No. 3954—

EARL BRITT, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 14, 1947.*

J. KELLY SMITH, for claimant.

GEORGE F. BARRETT, Attorney General and HON. C. ARTHUR NEBEL, Assistant Attorney General, for respondent.

ECKERT, C. J.

In his complaint filed in this case on March 20, 1946 the claimant, Earl Britt, alleges that on September 19, 1941 he was employed by the Department of Public

Works and Buildings of the State of Illinois, in the Division of Highways, as a member of a construction crew engaged in the building of Illinois State Highway No. 37, approximately two miles north of Mound City, Illinois. He further alleges that while grading a built up embankment along the highway, he lost control of the road grading machine. Because of the defective condition of its brakes, the machine went down the embankment and hurled the claimant against a steel dash, fracturing his left knee cap. Following the injury, he received, on account of temporary total disability, covering the period from September 19, 1941 to April 4, 1942, the aggregate sum of $464.36. He alleges the injury to be permanent, with the result that he has lost 50% of the use of his left leg.

Respondent has filed a motion to dismiss the claim on the ground that it was not filed within one year after the date of the accident, or within one year after the last payment of compensation, in accordance with the provisions of Section 24 of the Illinois Workmen's Compensation Act. That section of the Act provides that the right to file application for compensation shall be barred unless such application is filed within one year after the date of the accident, where no compensation has been paid, or within one year after the date of the last payment of compensation where any has been paid. It has been repeatedly held by the Supreme Court of this State, that compliance with this section is a condition precedent to the right to maintain proceedings under the Compensation Act. *City of Rochelle* vs. *Industrial Commission*, 332 Ill. 386; *Inland Rubber Co.* vs. *Industrial Commission*, 309 Ill. 43. The decisions of this court are in like effect. *Scott* vs. *State*, 13 C. C. R. 163. Furthermore, in claims by State employees for compensation for accidental in-

juries, arising out of, and in the course of their employment, Section 24 of the Workmen's Compensation Act is controlling as to the time within which such claims must be filed. *Scott* vs. *State*, 12 C. C. R. 36.

The accident in this case having occurred on September 19, 1941, and the last payment of compensation having been made on April 4, 1942, it is obvious that the filing of the complaint on March 20 ,1946 is not in compliance with Section 24 of the Workmen's Compensation Act. The court is, therefore, without jurisdiction to make an award.

The motion of the respondent is granted. Case dismissed.